IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DREW ABBE, | § | |
| | § | |
| Plaintiff, | § | |
| vs. | § | 1:17-CV-00507 |
| | § | Civil Action No. |
| STATE AUTO PROPERTY & | § | |
| CASUALTY INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE JUDGE SAM SPARKS:

Drew Abbe ("Mr. Abbe"), Plaintiff herein, files this First Amended Complaint against Defendant State Auto Property & Casualty Insurance Company ("State Auto") and, in support of his causes of action, would respectfully show the Court the following:

**I.**
**THE PARTIES**

1. Drew Abbe is a Texas resident who resides in Williamson County, Texas.

2. State Auto is an insurance company doing business in the State of Texas which may be served through its registered agent for service of process in the State of Texas, Corporation Service Company, via certified mail at 211 East 7th Street, Suite 620, Austin, TX 78701-3218.

**II.**
**FACTUAL BACKGROUND**

3. Mr. Abbe is a named insured under a property insurance policy issued by State Auto covering at least three policy periods from November 22, 2015 through November 22, 2016 ("Period 1") and from November 22, 2016 through November 22, 2016 ("Period 2"). Mr. Abbe has been the named insured with a policy from Defendant State Auto since at least 2013.

1

4.  On or about Decenber 30, 2016, Mr. Abbe noticed shingles were on the ground around his home and discovered that the roof on his home had been damaged by a storm event. He subsequently called in a claim to State Auto. On or about January 10, 2017, State Auto's adjuster inspected Mr. Abbe's house and other property.

5.  Notably, State Auto arbitrarily assigned December 30, 2016 as the date of loss. However, State Auto's claim file acknowledges this date is indeed not the date of loss, but is "based on when he was advised of damages." On this arbitrarily assigned date of loss, "Period 2" had been effective for roughly five weeks.

6.  State Auto failed to investigate for any damages that might have occurred during Period 1. State Auto had a duty to investigate these damages as well. However, State Auto used the date that Mr. Abbe became aware of the damage (December 30, 2016), as a pretext to skirt any coverage that might be afforded for losses occurring during Period 1, noting in its claim file "The insured carries HO3 form. Review of the form provides coverage for hail damages found, however within the policy period of when the damages occurred. Review of weather reports show no significant hail in the area within the insurable time farm for this reporting date or policy period." Simply put, State Auto arbitrarily assigned December 30, 2016 as the date of loss (even know it knew this was simply the date Mr. Abbe became aware of his damages), and then adjusted the claim as if Mr. Abbe merely had seven weeks of coverage spanning November 22, 2016 to January 10, 2016—the date of State Auto's inspection.

7.  Defendant conducted an unreasonable and outcome-oriented investigation when it knowingly shielding itself from any coverage under Period 1. Mr. Abbe's property exhibit open and obvious indicators of wind and hail damage. Period 1 provided coverage for hail events. During Period 1, more than one hail event struck the property, including May 14, 2016 and March

9, 2016. However, State Auto misrepresented that the hail had been caused by an event on March 19, 2013, and was simply "old."

8. Mr. Abbe's roof exhibited signs of recent wind damage that required full replacement of his roof. Defendant acknowledged this wind damage as "minimum" and "repairable." Yet, State Auto misrepresented that the vast majority of Mr. Abbe's roof was due to wear and tear.

9. Defendant improperly denied and/or underpaid the claim.

10. The adjuster assigned to the claim conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages that were observed during the inspection, and undervalued the damages observed during the inspection by assigning an arbitrary and self-serving date of loss and misrepresenting that the roof showed signs of wear and tear.

11. This unreasonable investigation led to the underpayment of Plaintiff's claim.

12. Moreover, State Auto performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.

### III.
### CAUSES OF ACTION

13. Each of the foregoing paragraphs is incorporated by reference in the following:

**A.   Breach of Contract**

14. State Auto had a contract of insurance with Plaintiff. State Auto breached the terms of that contract by wrongfully denying and/or underpaying the claim and Plaintiff was damaged thereby.

### B. Prompt Payment of Claims Statute

15. The failure of State Auto to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Section 542.051 *et seq.* of the Texas Insurance Code.

16. Plaintiff, therefore, in addition to Plaintiff's claim for damages, is entitled to 18% interest and attorneys' fees as set forth in Section 542.060 of the Texas Insurance Code.

### C. Bad Faith/Deceptive Trade Practices Act ("DTPA")

17. Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

18. Defendant violated Section 541.051 of the Texas Insurance Code by:

    (1) making statements misrepresenting the terms and/or benefits of the policy.

19. Defendant violated Section 541.060 by:

    (1) misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

    (2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

    (3) failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

    (4) failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

    (5) refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

20. Defendant violated Section 541.061 by:

   (1) making an untrue statement of material fact;

   (2) failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

   (3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

   (4) making a material misstatement of law; and

   (5) failing to disclose a matter required by law to be disclosed.

21. At all material times hereto, Plaintiff was a consumer who purchased insurance products and services from Defendant.

22. Defendant has violated the Texas DTPA in the following respects:

   (1) Defendant represented that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

   (2) State Auto failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed;

   (3) State Auto, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by Section

17.50(a)(1)(3) of the DTPA in that State Auto took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Texas Insurance Code.

23. Defendant knowingly committed the acts complained of. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code Section 541.152(a)-(b).

**D.    Attorneys' Fees**

24. Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendant and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

25. Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to Texas Civil Practice and Remedies Code Sections 38.001-38.003 because he is represented by an attorney, presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

26. Plaintiff further prays that he be awarded all reasonable attorneys' fees incurred in prosecuting his causes of action through trial and any appeal pursuant to Sections 541.152 and 542.060 of the Texas Insurance Code.

**IV.**
**CONDITIONS PRECEDENT**

27. All conditions precedent to Plaintiff's right to recover have been fully performed, or have been waived by Defendant.

## V.
## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Drew Abbe prays that, upon final hearing of the case, he recover all damages from and against Defendant that may reasonably be established by a preponderance of the evidence, and that Mr. Abbe be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Mr. Abbe may show himself to be justly entitled.

Respectfully submitted,

**DALY & BLACK, P.C.**

By: /s/ *James Winston Willis*
    Richard D. Daly
    TBA No. 00796429
    rdaly@dalyblack.com
    ecfs@dalyblack.com
    James Willis
    TBA No. 24088654
    jwillis@dalyblack.com
    William X. King
    TBA No. 24072496
    wking@dalyblack.com
    2211 Norfolk St., Suite 800
    Houston, Texas 77098
    713.655.1405—Telephone
    713.655.1587—Fax

    **ATTORNEYS FOR PLAINTIFF**
    **DREW ABBE**

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing has been served on Defendant's counsel of record via electronic means and in accordance with the Federal Rules of Civil Procedure on November 8, 2017.

Sterling Elza  
Alicia A. Murphy  
Brown, Dean, Proctor & Howell, LLP  
306 West 7th Street, Suite 200  
Fort Worth, Texas 76102-4905  
Telephone (817) 332-1391  
Telecopy (210) 870-2427  
selza@browndean.com  
amurphy@browndean.com  
**ATTORNEY FOR DEFENDANT**

                                                  /s/ *James Winston Willis*  
                                                  James W. Willis

## **CERTIFICATE OF CONFERENCE**

I hereby certify that on November 8, 2017, I conferred with counsel for State Auto Property & Casualty Insurance Company, Mr. Sterling Elza. Mr. Elza indicated he is not opposed to the foregoing motion.

                                                  /s/ *James Winston Willis*  
                                                  James W. Willis